**Decided  May  22,  1986**

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

JUAN T. LIZAMA, et al.,          )     CIVIL ACTION NO. 85-0011
                                 )
              Plaintiffs,        )
                                 )
         vs.                     )
                                 )
JOSE S. RIOS, individually       )
and as Mayor of Saipan,          )
                                 )
              Defendant.         )
_____)     DECISION AND ORDER
                                 )
JOSE S. RIOS,                    )
                                 )
     Third-Party Plaintiff,      )          **F I L E D**
                                 )              Clerk
         vs.                     )          District Court
                                 )
MARIANAS PUBLIC LAND CORPO-      )          MAY 22 1986
RATION, et al.,                  )
                                 )     For The Northern Mariana Islands
     Third-Party Defendants.     )
                                 )     By_____
MARIANAS PUBLIC LAND TRUST,      )            (Deputy Clerk)
                                 )
     Applicant for Intervention. )
_____)

Plaintiffs, Juan T. Lizama and Jesus T. Lizama, filed this action on August 28, 1985, alleging that defendant, Jose S. Rios, individually and as the Mayor of Saipan, was interfering with their right to a certain parcel of real property referred to as the "Hyatt Lot." Rios counterclaimed against the Lizamas and the Marianas Public Land Corporation (MPLC) alleging that the counter-defendants had conspired to deprive Rios and other Northern Marianas descent citizens of their right to be treated

fairly in the exchange of public lands in contravention of the Fourteenth Amendment to the United States Constitution. The Lizamas' claim and Rios' counterclaim were brought under 42 U.S.C. §1983. Rios' counterclaim sought to:

1. void all previous MPLC land exchanges including the Hyatt exchange; and

2. require MPLC to promulgate rules and regulations governing future land exchanges.

The counterclaim sought compensatory and punitive damages in the amount of $9,500,000 to redress alleged wrongs.

On March 11, 1986, a Stipulation for a Permanent Injunction and Judgment was filed pursuant to which an Order and Judgment of the Court was filed on the same day.

Under the stipulation, MPLC is permanently enjoined from exchanging public lands until rules and regulations are adopted to govern such exchanges. The rules and regulations will insure that public lands are only exchanged for private lands of equal or greater value. The stipulation also requires that MPLC have public hearings in which the reasonableness of an exchange is considered and that each exchange must be ratified by a board vote. Rios agreed to drop his claims against MPLC in exchange for this stipulated Order and Judgment.

Rios now moves for reasonable attorney's fees pursuant to 42 U.S.C. §1988, which states that:

In any action or proceeding to enforce a provision of section(). . . 1983. . . of this title. . . the court, may in its discretion,

allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

In support of his motion for attorney's fees, counter-claimant's attorney has presented the Court with his regular monthly billings to Mr. Rios. These billings include hours spent pursuing the counterclaim against MPLC and the Lizamas as well as his defense against the Lizamas' original complaint. Counter-claimant's attorney informed the Court at a hearing on this matter that at that time he could not separate the hours spent in pursuing the counterclaim against MPLC from the hours spent pursuing the counterclaim against the Lizamas and defending against their original complaint.

The Court feels that this motion for attorney's fees is premature. Though there are cases supporting the availability of interim attorney's fees the Court believes that interim fees are not appropriate here in light of the fact that Rios is still pursuing certain claims against the Lizamas as well as defending against the original complaint. When these claims are resolved, counter-claimant's attorney and the Court can better address the issue of attorney's fees.

IT IS SO ORDERED.

DATED this 22nd day of May, 1986.

_____
JUDGE ALFRED LAURETA